IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| IRIS E. ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 11-204C |
| v. ) | (Judge Damich) |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

This is an action under the Fair Labor Standards Act (FLSA) to recover unpaid overtime compensation brought by various employees of the United States Forest Service. The Government has moved to transfer the case alleging that under the Supreme Court's decision in *United States v. Bormes*, 133 S. Ct. 12 (2012), this Court is without jurisdiction to hear FLSA claims against the Government.[1] The Government misreads the Court's holding in *Bormes* as well as its application to the plain language of the FLSA. The FLSA, unlike the statute at issue in *Bormes*, fails to identify the specific court in which FLSA actions may be brought. This court must utilize the Tucker Act to fill the jurisdictional gap that Congress created in waiving the Government's sovereign immunity for FLSA suits, but failing to identify in which courts such actions must be brought. Accordingly, this court has jurisdiction to resolve plaintiffs' FLSA claims and defendant's motion should be denied. Further, there have been several recent U.S. Court of Federal Claims decisions rejecting identical motions to transfer.

---

[1] The Government made the virtually identical argument before the Federal Circuit Court in *Abbey, et al. v. U.S.*, Case No. 2013-5009. *Abbey* is currently pending before the Federal Circuit.

## I. SUMMARY OF ARGUMENT

In *Bormes*, the Court held that the Tucker Act does not apply if a statute waives the Government's sovereign immunity **and** the statute specifies the precise court in which the suit may be brought. *Id.* at 18. Although the FLSA waives the Government's sovereign immunity, it does **not** specify the court in which FLSA actions may be brought. Instead, the FLSA states that actions may be brought in "any state or federal court of competent jurisdiction." Thus, the Tucker Act must fill this "gap" in FLSA cases against the federal government by conferring jurisdiction in the Court of Federal Claims.

Indeed, it is noteworthy that the defendant itself fails to identify any court that the FLSA specifies in which to file actions against the Government. Instead, it asks the Court to "infer" which court Congress intended, which is directly contrary to the holding in *Bormes*.

In its Motion to Transfer, the defendant also requests "that the parties be relieved of the obligation to engage in case management activities," but fails to provide *any* argument for that request. Plaintiffs respectfully submit that there is no reason to delay case management activities during the pendency of this motion as such activities are preliminary discovery activities that will take place regardless of the court in which the case is litigated.

## II.   STANDARD OF REVIEW

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act. *See* 28 U.S.C. § 1491. The Act authorizes the court "to render judgment upon any claim against the United States founded either upon the Constitution, or any

Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act "is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . the Act merely confers jurisdiction . . . whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) Therefore, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Fisher v. United States,* 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.").

In rendering a decision on motion to dismiss for lack of subject matter jurisdiction pursuant to U.S. Ct. Fed. Cl. R. 12(b)(1), the U.S. Court of Federal Claims must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of plaintiff, although the plaintiff bears the burden of establishing subject matter jurisdiction. *Robinson v United States* 95 Fed. Cl. 480 (2011).

### III. THE COURT OF FEDERAL CLAIMS HAS TUCKER ACT JURISDICTION OVER FLSA CLAIMS AGAINST THE FEDERAL GOVERNMENT

The Tucker Act mandates that the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim against the United States founded upon either the Constitution, or any Act of Congress or any regulation of an executive

department." 28 U.S.C. § 1491(a)(1). The plaintiffs filed this FLSA lawsuit in the Court of Federal Claims, which has original jurisdiction over FLSA actions against the United States. The U.S. Forest Service contends that the Court of Federal Claims does not have jurisdiction to hear the plaintiffs' FLSA claim because of the Supreme Court's decision in *United States v. Bormes*, 133 S. Ct. 12 (2012). The U.S. Forest Service has ignored a central holding of *Bormes*, as well as additional Supreme Court precedent, holding that for the Court of Federal Claims to be without jurisdiction to hear the plaintiffs' claims, the statute under which the claims arise must specify the court in which the claims against the Government must be brought. The FLSA does not identify the court in which FLSA cases against the Government may be brought. The defendant is asking this Court to add language to the FLSA that Congress specifically chose to exclude. After *Bormes*, the Court of Federal Claims remains the court with jurisdiction to hear FLSA cases against the Government.

### A. The FLSA Does Not Withdraw Tucker Act Jurisdiction For Claims Against The Federal Government

The plaintiffs in *Bormes* brought suit against the United States under the Fair Credit Reporting Act ("FCRA"). The Supreme Court held that the Federal Circuit lacked jurisdiction under the Tucker Act to entertain the plaintiffs' claims, finding that the Act was a gap-filling statute meant to supply "the missing ingredient for an action against the United States for the breach of monetary obligations not otherwise judicially enforceable." *Bormes*, 133 S. Ct. at 18. As the Court explained, the "Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedy." *Id*. FCRA provides that plaintiffs may pursue their action "in any appropriate ***United States district court***, without regard to the amount in

4

controversy, or in any other court of competent jurisdiction." *Id*. at 15 (citing 15 U.S.C. § 1681p) (emphasis added).  Consequently, the Court found that FCRA contains a "self-executing remedial scheme [that] supersedes the gap-filling role of the Tucker Act." *Id.* at 18.

Thus, in *Bormes*, the Supreme Court applied its long-standing test to determine whether Tucker Act jurisdiction is displaced.  The first question is whether the statute at issue imposes monetary liability on the United States such that it waives sovereign immunity.  The second question is whether the statute contains its own precise remedial scheme – that is, does the statute provide for jurisdiction in *particular courts* to enforce that liability?  *See also United States v. Testan*, 424 U.S. 392, 398 (1976) (recognizing the distinction between laws conferring a substantive right to recover money from the United States and laws endowing a court with jurisdiction to enforce that right).

Since *Bormes*, the Supreme Court has further clarified its position with respect to this second prong, stating that only if the underlying statute at issue "afford[s] . . . a ready avenue to bring [a claim]" will that statute withdraw Tucker Act jurisdiction.  *Horne v. Department of Agriculture*, 2013 U.S. LEXIS 4357, **25 (June 10, 2013).  In *Horne*, the Court found that the language of the Agricultural Marketing Agreement Act of 1932 ("AMAA"), 7 U.S.C. § 608c(15)(B), which provides that "[t]he District Courts of the United States . . . in any district in which such handler is an inhabitant, or has his principal place of business, are hereby vested with jurisdiction . . . ," withdraws AMAA cases from Tucker Act jurisdiction.

Here, the underlying statute, the FLSA, subjects the government to liability, thus meeting the first prong of the Supreme Court's *Bormes* analysis.  In 1974, Congress

specifically extended the scope of the FLSA by expanding the definition of "employee" to include "any individual employed by the [United States]." 29 U.S.C. § 203(e)(2). This expansion granted federal employees the substantive right to recover money from the United States as a result of FLSA violations.

The FLSA does not, however, meet the second prong of the *Bormes* test, as it does not "***precisely*** define the appropriate forum" in which to bring suit. *Bormes*, 133 S. Ct. at 19 (quoting *Hinck v. United States*, 550 U.S. 501, 507 (2007)) (emphasis added). Nor does its "structure of review" afford "a ready avenue to bring [a claim]," as required by *Horne*, 2013 U.S. LEXIS 4357, **25. Rather, the FLSA provides that:

> "An action to recover the liability ... may be maintained against any employer (including a public agency) ***in any Federal or State court of competent jurisdiction*** by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (emphasis added).

The FLSA does not "precisely define the appropriate forum" in which suit is to be brought because it does not define what it means to be a "Federal or State court of competent jurisdiction." Title 28 U.S.C. § 610 defines "court" as including, *inter alia*, the Courts of Appeals and district courts, as well as the United States Court of Federal Claims. Indeed, the Federal Circuit so held as long ago as 1985:

> "29 U.S.C. § 216(b) authorizes Fair Labor Standards Act suits 'in any Federal or state court of competent jurisdiction,' ***but the words 'of competent jurisdiction' tell us that the words do not stand alone but require one to look elsewhere to find out what court, if any, has jurisdiction***."

*Zumerling v. Devine*, 769 F.2d 745, 749 (Fed. Cir. 1985) (emphasis added).

In *Zumerling*, the Federal Circuit held that, because the FLSA conferred only the right to recover money but did not specify the court with jurisdiction of suits to enforce

6

that right, the Tucker Act was the applicable jurisdictional statute.  769 F.2d at 749.  The Court has reaffirmed this holding multiple times. *Saraco v. United States*, 61 F.3d 863, 866 (Fed. Cir. 1995); *El-Sheikh v. United States*, 177 F.3d 1321, 1324 (Fed. Cir. 1999). Its holdings have been unanimously followed by the other federal courts of appeal to consider the issue. *Waters v. Rumsfeld*, 320 F.3d 265 (D.C. Cir. 2003); *Parker v. King*, 935 F.2d 1174 (11th Cir. 1991); *see also*, prior to *Zumerling*, *Graham v. Henegar*, 640 F.2d 732 (5th Cir. 1981)(transferring a firefighters' employment claim against the United States to the court of claims because the matter involved a Tucker Act claim).

Indeed, the defendant itself is forced to acknowledge the obvious – that the FLSA "does not specifically name the district court or any other particular court as the appropriate forum for suits."  Forest Service Brief, 8.  However, the Forest Service asks this Court to *infer* that Congress *actually* intended the appropriate forum to be the United States district courts because FLSA actions "fit [] naturally" within their general jurisdiction.  Forest Service Brief, p. 8.  This would require the Court to add language to the FLSA that Congress specifically chose not to incorporate.

Congress knows how to withdraw Tucker Act jurisdiction when it chooses, and has demonstrated its ability to do so on numerous occasions.  For example, the Age Discrimination in Employment Act (ADEA) provides that "any person aggrieved may bring a civil action in any **Federal district court** of competent jurisdiction."  29 U.S.C. § 633a(c) (emphasis added).  *See also Foster v. United States*, 2013 U.S. Claims LEXIS 791 (July 3, 2013) (In a case arising out of the Service Members' Group Life Insurance Traumatic Injury Protection Program, Judge Wheeler found that when "[e]xamining the full text of the statutory provisions in question, it is clear that 38 U.S.C. § 1975 provides

a ready avenue ... to seek relief in a *district* court. As such, this Court does not have jurisdiction over [the] claim." §1975 reads "[t]he *district courts* of the United States shall have original jurisdiction of any civil action or claim against the United States founded upon this subchapter.")(emphasis added); *Perry v. United States*, 2013 U.S. Claims LEXIS 593, *9 (June 4, 2013) (Judge Firestone finding that the Court of Claims lacked jurisdiction because, *inter alia*, the Privacy Act expressly provides that "*district courts* of the United States shall have jurisdiction . . . .")(emphasis added).  The Supreme Court has held that courts should not add an "absent word" to a statute, as it would result "not [in] construction of [the] statute, but, in effect, an enlargement of it by the court, so that what was omitted ... may be included within its scope." *Lamie v. United States*, 540 U.S. 526, 537 (2004) (citations omitted).  To add the words 'district courts' to the FLSA, which states *only* "any Federal or State court of competent jurisdiction," would fundamentally alter the language of the statute that Congress drafted.

The FLSA has been amended on numerous occasions since 1966,[2] including after the Federal Circuit's 1985 *Zumerling* decision. At no point has Congress amended § 216(b) of the FLSA to "precisely define the appropriate forum" in which suit is to be brought.  Congress is presumed to be aware of existing case law interpreting legislation when it amends that legislation. *See*, *e.g.*, *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990).  Thus, it can be assumed that if Congress disagreed with the Federal Circuit's

---

[2] Section 216 of the FLSA has been amended six times since 1966, and four times since 1985.  29 U.S.C. § 216, History; Ancillary Laws and Directives (*citing* April 8, 1974, P.L. 93-259; November 1, 1977, P.L. 95-151; November 17, 1989, P.L. 101-157; November 5, 1990, P.L. 101-508; August 6, 1996, P.L. 104-174; May 21, 2008, P.L. 110-233).

decision in *Zumerling*, or the other court of appeals decisions following that decision, it would have amended § 216(b) to withdraw Tucker Act jurisdiction.

Simply put, Congress passed the FLSA, and in it provided that FLSA actions can be brought in any "Federal or State court of competent jurisdiction" – here the Court of Federal Claims. Congress ***did not*** state that FLSA actions could only be brought in "Federal ***district*** or State court of competent jurisdiction." Because the FLSA does not "***precisely*** define the appropriate forum" in which to bring suit, other jurisdiction statutes must fill the gap and establish in which court "competent jurisdiction" exists to hear an FLSA claim. The only jurisdictional statute appropriate in actions against the federal government is the Tucker Act. Thus, Tucker Act jurisdiction is not withdrawn or displaced under the Court's decision in *Bormes,* and the Court of Federal Claims is the appropriate court in which to bring this FLSA suit.

### B. Identical Motions for Transfer Have Been Repeatedly Rejected by the U.S. Court of Federal Claims

The plaintiffs were surprised to see that the defendant failed to cite adverse authority directly related to its motion to transfer. In *King, et al. v. U.S*, Judge Firestone rejected an identical motion to transfer under *Bormes*, finding "that the FLSA authorizes suits by federal employees against the United States in the COFC because the FLSA provides for judicial review 'in any Federal...court of competent jurisdiction.'" *King, et al. v. U.S.*, 2013 U.S. Claims Lexis 1228, Case No. 12-175C (August 30, 2013). *See also Frost v. U.S.*, Case No. 13-50C (September 10, 2013)(Judge Wheeler determining that the facts are identical to *King v. U.S*. and finding that "*Bormes* does not prevent this court from exercising jurisdiction over claims brought against the Government pursuant to the FLSA...."). Indeed, another similar decision was issued after the Defendant's Motion to

Transfer was filed. *Miller v. U.S.*, Case No. 11-766 C (September 24, 2013) (Judge Merow agreeing with and applying the decision in *King* to deny defendant's transfer motion "confirming that *Bormes* does not impact the Federal Claims Court's long-exercised jurisdiction over FLSA compensation claims.").

Thus, Tucker Act jurisdiction is not withdrawn or displaced under the Supreme Court's decision in *Bormes,* and the Court of Federal Claims is the appropriate court in which to bring this FLSA suit.

Respectfully submitted,

s/David Ricksecker
DAVID RICKSECKER
Woodley & McGillivary
1101 Vermont Ave. NW,
Suite 1000
Washington, D.C. 20005
(202) 833-8855

Attorney for Plaintiffs

Date:   __October 3, 2013_____

## **CERTIFICATE OF SERVICE**

This to certify that a true and accurate copy of the foregoing <u>Preliminary Status Report</u> was served through the Court's electronic filing system (ECF), on this 3rd day of October, 2013 to the following counsel for the defendant:

Cameron Cohick
Trial Attorney
U.S. Department of Justice
National Courts Section, Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044

<u>s/ David Ricksecker</u>
David Ricksecker